**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1713
_____

UNITED STATES OF AMERICA

v.

ELIJAH HAKIM,
                    Appellant

_____

On Appeal from the District Court of the Virgin Islands
(No. 3:21-cr-00026-001)
District Judge: Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 1, 2025

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: August 8, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Elijah Hakim appeals his conviction and sentence for two drug offenses. For the following reasons, we will affirm the District Court's judgment.

**I**

In April 2021, Customs and Border Protection ("CBP") intercepted a package containing fentanyl ("Package No. 1"). It was sent from a post office in Atlanta, Georgia, to an address in Saint Thomas, U.S. Virgin Islands. Law enforcement obtained surveillance video of the woman who mailed Package No. 1. The woman resembled Desiree Lettsome—Hakim's live-in girlfriend. When the woman mailed Package No. 1, she also mailed a second package that listed Lettsome as the sender. And someone using an IP address associated with Lettsome later tracked Package No. 1.

In May 2021, CBP intercepted a second package containing fentanyl ("Package No. 2"). Video showed Package No. 2 was mailed by a man resembling Hakim at the Akers Mill Post Office in Atlanta. Law enforcement found three of Hakim's fingerprints on the underside of the packing tape.

Law enforcement obtained a warrant for the location data of a cell phone used to track packages sent to the Saint Thomas address where the woman sent Package No. 1. They learned that the cell phone was near the Akers Mill Post Office when the man resembling Hakim mailed Package No. 2. They also learned that, one month later, the cell phone travelled from Atlanta to Orlando, Florida, where it stopped in the vicinity of a

hotel where Hakim was a registered guest. On the date when Hakim checked out of the hotel, the cell phone travelled back to the vicinity of Hakim's apartment in Atlanta.

In September 2021, law enforcement arrested Hakim at his apartment, where Lettsome and an infant were present. A search of the apartment recovered items consistent with the packaging of fentanyl; a handbag resembling the one carried by the woman who mailed Package No. 1; sneakers and a shirt resembling those worn by the man who mailed Package No. 2; and the cell phone that had travelled from Atlanta to Orlando and back and that had been used to track Package No. 1.

A grand jury returned a two-count superseding indictment against Hakim. Count 1 charged an April to May 2021 conspiracy to possess fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(B)(vi) and 846. Count 2 charged a May 2021 possession of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(C).

Before trial, Hakim filed motions to exclude the post office videos and testimony related to the intercepted packages. When the government did not respond to the motions, the District Court granted the motions as unopposed. In its order, it noted that the government had not provided notice of its intent to introduce evidence of prior bad acts under Federal Rule of Evidence 404(b). The District Court later denied the government's motion to reconsider its order, but it clarified that the order only precluded the government from introducing prior-bad-act evidence under Rule 404(b)—it did not apply to evidence intrinsic to the charged offenses. At trial, the District Court admitted the post office videos showing the individuals who mailed Package Nos. 1 and 2.

3

At the close of the government's case, Hakim moved for judgment of acquittal on both counts and the District Court reserved judgment on the motion. After a jury convicted Hakim, he renewed his motion for judgment of acquittal, which the District Court denied. Although the jury found Hakim guilty on Count 1, it found the government did not prove beyond a reasonable doubt that the substance containing fentanyl weighed 40 grams or more. Notwithstanding that verdict (and over Hakim's objection), the District Court found that a preponderance of the evidence supported a drug quantity of 43.26 grams. It used that drug quantity to calculate a Sentencing Guidelines range of 78 to 97 months' imprisonment, and it sentenced Hakim to 85 months. Hakim timely appealed.

**II**[1]

Hakim raises four issues in his appeal. First, he argues that the District Court erred in denying his motion for judgment of acquittal because there was insufficient evidence to convict him on either count of the indictment. Exercising plenary review, *United States v. Kousisis*, 82 F.4th 230, 236 (3d Cir. 2023), we disagree.

Viewing the record in the light most favorable to the prosecution, *id.*, a rational jury could find that Lettsome mailed and tracked Package No. 1, Hakim mailed Package No. 2 (the one on which his fingerprints were found), Hakim tracked packages sent to the address where Lettsome sent Package No. 1, and the couple worked together to pack and

---

[1] The District Court had jurisdiction under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

ship fentanyl from their shared apartment. These facts support a guilty verdict on both counts. *See United States v. Zayas*, 32 F.4th 211, 221 (3d Cir. 2022) (listing the elements of a conspiracy offense).

Second, Hakim argues the District Court erred in admitting the post office videos after first ordering them excluded. Relatedly, he argues that the government forfeited any right to present the videos by failing to respond to his pretrial motions.[2] We review a district court's evidentiary ruling for abuse of discretion. *United States v. Barkers-Woode*, 136 F.4th 496, 502 (3d Cir. 2025). When a district court sets aside a forfeiture, we review that decision for abuse of discretion as well. *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023).

We discern no abuse of discretion here. The District Court appropriately exercised its discretion when it clarified that its pretrial ruling applied only to Rule 404(b) evidence. *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009). And its decision to admit the videos as intrinsic evidence of the charged offenses was consistent with that ruling and otherwise sound.

Third, Hakim argues the District Court's jury instructions regarding Count 1 constructively amended the indictment by not naming "D.L." (i.e., Lettsome) as a co-

---

[2] Despite his argument about a government "waiver," Hakim advances a forfeiture argument. He contends that the government failed to raise timely arguments before the District Court, not that it intentionally relinquished any known right. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (explaining that "[f]orfeiture is the failure to make the timely assertion of a right, an example of which is an inadvertent failure to raise an argument," while "[w]aiver . . . is the intentional relinquishment or abandonment of a known right" (citation modified)).

conspirator.  Because he did not object in the District Court, we review this issue for plain error.  *See United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010).  We discern no error, plain or otherwise.

Count 1 of the indictment charged Hakim with conspiring with "others known and unknown, including D.L."  JA Vol. II at 17.  To convict, the government needed to prove that Hakim conspired with one of the persons listed in the indictment.  *United States v. Nolan*, 718 F.2d 589, 595 (3d Cir. 1983).  That is, it needed to prove that Hakim conspired with one other person, whether that person was known or unknown.  And the jury instructions did not need to identify that other person by name.  Therefore, the jury instructions did not modify any essential term of the conspiracy charge.  *See Vosburgh*, 602 F.3d at 532.

Finally, Hakim preserves an argument that the District Court erred in considering acquitted conduct (a drug quantity of 43.25 grams) at sentencing.  He recognizes that his argument is foreclosed by longstanding precedent permitting a sentencing court to consider the "conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  *United States v. Watts*, 519 U.S. 148, 157 (1997).  That precedent has been subject to criticism, *see, e.g.*, *United States v. Brown*, 892 F.3d 385, 408–09 (D.C. Cir. 2018) (Millett, J., concurring), but it remains the law.  Thus, his challenge fails.

\*       \*       \*

For the foregoing reasons, we will affirm the District Court's judgment.

6